**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-02986-REB

JOSEPH GABRIEL SANCHEZ,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed November 3, 2014, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff[2] alleges that he is disabled as a result of bilateral knee replacements,

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] While this case was pending review by the Appeals Council, plaintiff died. (Tr. 7.) Plaintiff's daughter subsequently was substituted as the party plaintiff at the agency level (Tr. 6), but the caption of the case was never altered to reflect this substitution. Nevertheless, because the substitution was fully consummated prior to the time this appeal was filed, I find no basis to consider or apply the requirements of Fed. R. Civ. P. 25(a). For clarity, all references to "plaintiff" herein are to the original claimant, Mr. Sanchez.

cervical and lumbar degenerative disc disease, chronic pain syndrome, and bilateral upper extremity ulnar neuropathy.  After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on September 26, 2012.  At the time of the hearing, plaintiff was 48 years old.  He has an associates degree and past relevant work experience as a boiler engineer.  He has not engaged in substantial gainful activity since October 22, 2010, his alleged date of onset.

      The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Other alleged impairments were found to be non-severe.  The ALJ concluded plaintiff had the residual functional capacity to perform a range of light work with certain postural and environmental limitations.  Although this finding precluded plaintiff's past relevant work, the ALJ found there were other jobs existing in significant numbers in the national economy he could perform.  Plaintiff therefore was found not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

      A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both him previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th

Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  **Id.**

## III. LEGAL ANALYSIS

In his appeal, plaintiff challenges the ALJ's disability decision at nearly every step of the sequential analysis. At least one of his arguments clearly is without merit.[3] Others I decline to address as they may be impacted by the ALJ's redetermination on remand.[4] *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); ***Gorringe v. Astrue***, 898 F.Supp.2d 1220, 1225 (D. Colo. 2012). Yet one plainly requires reversal and remand, as I discuss herein.

Plaintiff claims the ALJ erred in assessing whether his degenerative disc disease met or equaled the Listings.[5] Spinal disorders are presumptively disabling when the following criteria, *inter alia*,[6] are met:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture),

---

[3] I refer specifically to plaintiff's suggestion that the ALJ erred by not finding certain of his alleged impairments severe at step two of the sequential evaluation. Any error in this regard was rendered harmless when the ALJ nevertheless proceeded to subsequent steps of the analysis. *See Perotin v. Colvin*, 110 F.Supp.3d 1048, 1053 (D. Colo. 2015) ("Because the conclusion that a claimant has at least one severe impairment requires the ALJ to proceed to the next step of the sequential evaluation, 'the failure to find a particular impairment severe at step two is not reversible error as long as the ALJ finds that at least one other impairment is severe.'") (quoting ***Dray v. Astrue***, 353 Fed. Appx. 147, 149 (10th Cir. 2009).

[4] Although I do not address the ALJ's determinations at steps four and five of the sequential evaluation, because the discussion of the medical evidence at step three gives me concern as to whether the remainder of her opinion is adequately substantiated, I nevertheless will require the ALJ to reevaluate her step four and five determinations should she again conclude that plaintiff's impairments do not meet or equal the requirements of the listings.

[5] The Commissioner's Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (effective Aug. 2, 2010), sets forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling. 20 C.F.R. § 404.1520(d). *See Sullivan v. Zebley*, 493 U.S. 521, 532, 534-35, 110 S.Ct. 885, 893, 107 L.Ed.2d 967 (1990). Section 1.00 addresses disorders of the musculoskeletal system, and section 1.04 thereunder deals specifically with disorders of the spine.

[6] Plaintiff does not challenge the lack of findings as to whether his alleged impairments met or equaled the alternative requirements of Listings 1.04B and 1.04C.

>     resulting in compromise of a nerve root (including the cauda
>     equina) or the spinal cord.  With:
>
>     A. Evidence of nerve root compression characterized by
>     neuro-anatomic distribution of pain, limitation of motion of
>     the spine, motor loss (atrophy with associated muscle
>     weakness or muscle weakness) accompanied by sensory or
>     reflex loss and, if there is involvement of the lower back,
>     positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.  All the criteria of the Listing must be satisfied for an impairment to be considered presumptively disabling.  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." ***Sullivan v. Zebley***, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1990) (footnote omitted).

In considering this listing, the ALJ noted a September 2010 lumbar MRI which revealed, *inter alia*, degeneration at L3-4, L4-5, and L5-S1, as well as "a disc protrusion . . . at L4-5 with some effacement of the thecal sac and descending L5 nerve rootlet." (Tr. 207.)[7]  Nevertheless, the ALJ concluded that "[t]hese findings do not show that [plaintiff] experienced ongoing compromise of the nerve root or spinal cord," and therefore that the requirements of the threshold definition of Listing 1.04A were not met. (Tr. 22.)

---

[7] Although this particular record citation was relatively easy to find, I note the ALJ simply cited to the whole of Exhibit 1F, a 20-page document.  This practice of providing global references to multi-page exhibits, without pinpoint citations to specific pages, is replicated throughout the opinion.  As I have said previously "[t]his court is neither required nor inclined to scour the record in an attempt to divine the specific basis for an ALJ's opinion, and I thus repeatedly have found that such general citations do not substantiate the ALJ's disability decision." ***Romo v. Colvin***, 83 F.Supp.3d 1116, 1120 & n.4 (D. Colo. 2015) (citing cases).  Thus, even where the record "is both concise and plain enough to support the ALJ's decision, the Commissioner should now have fair notice of this court's position that, in general, such global references will not constitute substantial evidence in support of the ALJ's decision and thus will warrant remand." ***Id.*** (citation, alteration, and internal quotation marks omitted).  Thus specific record citations should be included in any subsequent disability decision to enable the court's review.

Despite the ALJ's apparent confidence in the import of the medical evidence, it is not at all apparent to this court how she arrived at that conclusion. The MRI, showing nerve effacement (i.e., compression) at L5 plainly suggests "compromise of a nerve root," as required by the threshold definition of Listing 1.04. The ALJ referred to "sporadic findings" of "clinical abnormalities" in the record but neglected to include any specific references to the record. Moreover, she cited these findings only insofar as they supported her conclusion that plaintiff did not have "ongoing nerve root compression"[8] as purportedly required to satisfy the threshold definition. (Tr. 22.) That conclusion was neither well-defined nor supported by citation to specific evidence in the record. Such failure in itself constitutes error. **Social Security Ruling** 83-19, 1983 WL 31248 at *4 (SSA 1983) ("The rationale in the determination or decision must reflect consideration of the pertinent evidence of record and reconcile or resolve significant inconsistencies.").

Although the Commissioner suggests the evidence does not support a finding that plaintiff met any of the other requirements of the listing, the ALJ herself made no such determination. (Tr. 22.) Nor did her subsequent discussion of the evidence at step four render this step three error harmless. *Cf. Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-35 (10th Cir. 2005) (no prejudicial error where ALJ's residual functional capacity finding supported conclusion that plaintiff's impairments did not meet the listings). Indeed, the ALJ acknowledged that plaintiff had episodes of decreased

---

[8] It is not clear what the ALJ intended to infer by requiring proof of "ongoing" nerve root compression. There is no evidence in the record of a later MRI revealing that this condition subsequently abated or improved.

sensory function in the L5 "dermatone,"[9] limited spinal range of motion, and positive straight leg raise tests. (Tr. 26.)[10] All these findings potentially were relevant to the step three determination and yet were not considered by the ALJ in that context.

Thus, and although a finding that a listing is met or equaled *vel non* is ultimately a legal question reserved to the Commissioner, *see* **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996), 20 C.F.R. § 404.1527(d)(2), it is not at all clear to this court that the ALJ had any proper foundation for her assessment of the import of the medical findings or their relationship to the medical criteria that comprise the listing. The Commissioner's *post hoc* assessment of the evidence does not convince the court either that the ALJ did not commit error or that her error was clearly harmless.

Remand thus is warranted. Although plaintiff requests a directed award of benefits, the ALJ must be given the opportunity to better explain and substantiate her step three determination in the first instance, and this court is ill-equipped to make the medically driven findings that inform that decision. I thus find that this case does not represent an appropriate circumstance for the exercise of my discretion to direct an award benefits.[11] *See **Nielson v. Sullivan**,* 992 F.2d 1118, 1122 (10th Cir. 1993).

---

[9] "A dermatome is an area of skin that is supplied by a single spinal nerve." Boundless.com, ***Dermatomes*** (available at https://www.boundless.com/physiology/textbooks/boundless-anatomy-and-physiology-textbook/the-peripheral-nervous-system-pns-13/spinal-nerves-132/dermatomes-714-5123/") (last accessed March 22, 2016).

[10] The Commissioner notes that plaintiff also had some instances of negative straight leg raise tests. Some of these tests predate his alleged date of onset (*see* Tr. 218), and therefore are of questionable relevance. Moreover, neither the ALJ nor the Commissioner substantiates the tacit assumption that incidents of negative responses to this test per force outweigh evidence of positive results within the same time period.

[11] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

## IV.  ORDERS

**THEREFORE IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

2.  That this case is remanded to the ALJ, who is directed to

    a.  Reconsider her determination at step three of the sequential evaluation as to whether any alleged impairment meets or equals a listed impairment[12];

    b.  Recontact any treating or examining physicians for further clarification of their findings, seek the testimony of medical experts, order further consultative examinations, or otherwise further develop the record as she deems necessary;

    c.  Reevaluate plaintiff's residual functional capacity;

    d.  If necessary, reassess her determination at step five of the sequential evaluation; and

    e.  Reassess the disability determination; and

3.  That plaintiff is awarded his costs, to be taxed by the clerk of the court in the time and manner provided by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

---

[12] The court's focus in this opinion on Listing 1.04A should not be taken as precluding the ALJ from considering the applicability of other listings to the extent the evidence supports their consideration.

Dated March 25, 2016, at Denver, Colorado.

                        **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge